# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO:

NORMA DOWNING, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

v.

NEWS CAFE, INC.,
a Florida for-profit corporation, and
MARK SOYKA, individually,

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, NORMA DOWNING ("DOWNING"), on behalf of herself and all others similarly situated, and pursuant to *29 U.S.C. § 216(b),* files the following Collective Action Complaint against Defendants, NEWS CAFE, INC., ("NCI"), and MARK SOYKA ("SOYKA"), individually (collectively referred to hereinafter as "Defendants"), and alleges the following:

## INTRODUCTION

1. Defendants unlawfully deprived Plaintiff, and all other employees similarly situated, of overtime compensation during the course of her employment. This action arises as a collective action for claims arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff during the course of her employment.

## PARTIES

2. During all times material hereto, Plaintiff, DOWNING, was resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, NCI, was a Florida for-profit corporation located and transacting business within in Miami Beach, Florida, within the jurisdiction of this Honorable Court.

4. NCI is headquartered and operates its principal location at 800 Ocean Drive, Miami Beach, Florida 33139.

5. Defendant, NCI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant, SOYKA, was a resident of the Southern District of Florida, owner of the Defendant company, and Plaintiff's manager while Plaintiff worked for the Defendant company.

7. During all times material hereto, Defendant, SOYKA, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, NCI, during the relevant time period.

8. During all times material hereto, Defendant, SOYKA, was Plaintiff's supervisor.

9. Defendant, SOYKA, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

10. All acts and omissions giving rise to this dispute took place within Miami, Florida, which falls within the jurisdiction of this Honorable Court.

11. Defendant, NCI, is authorized to do business in the State of Florida, including Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

12. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## CLASS ALLEGATIONS

13. Plaintiff, DOWNING, seeks each class members' rightful and proper overtime wages, which would be the federally prescribed overtime rate of time-and-one-half the regular hourly rate for every hour worked over forty (40) in any given workweek within the past three (3) years, and an equal amount in liquidated damages, judgment, and attorney's fees and costs.

14. Defendant, NCI, employs and has employed within the past three (3) years non-exempt restaurant server employees such as Plaintiff.

15. Defendant, NCI, uniformly treats and classifies its employees as non-exempt, as it relates to the payment of overtime wages.

16. Plaintiff, DOWNING, and the class members performed the same or similar job duties as one another in that they worked as restaurant servers of NCI within the past three (3) years without receiving proper overtime wages for hours worked in excess of forty (40) per week during their employment. Plaintiff, DOWNING, and the class members were subjected to the same pay provisions in that they suffered or were permitted to work hours but not properly paid at the correct rate for all hours worked. Thus, the class members are owed federal overtime wages for the same reasons as Plaintiff.

## GENERAL ALLEGATIONS

17. Defendant, NCI, is restaurant café and bar that has been operating in Miami-Dade County, Florida since at least 1988.

18. According to its own website, NCI holds itself out to the community as follows:

> In December of 1988 Mark Soyka and Jeffrey Davis opened News Cafe, a quaint sidewalk cafe newsstand and bookstore at the corner of 8th Street and Ocean Drive in the Art Deco District of Miami Beach. The concept was simple: start with a news kiosk and some bookshelves and surround them with tables. Display a selection of local, national, and international publications and play mix of jazz and classical music, serve from a basic menu of salads, sandwiches, desserts, fresh fruit juices and coffees. Offer patrons a European-Style experience . . . and see how it goes. As more and more people began choosing Miami Beach, as a destination or a home, News Cafe has constantly changed and grown to accommodate all who come to enjoy the timeless atmosphere that "The News" offers. Open 24 hours a day, News Cafe has expanded over the years to include a separate bar, full-service kitchen and additional sidewalk/courtyard seating to enhance the overall experience.

*See* http://www.newscafe.com/cafe/.

19. NCI employs individuals like Plaintiff to wait tables, enter orders, and otherwise provide food and drink services to patrons.

## FLSA COVERAGE

20. Defendant, NCI, is covered under the FLSA through enterprise coverage, as NCI was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, NCI's business and Plaintiff's work for NCI's benefit affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, NCI, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B).*

21. During her employment with Defendant, NCI, Plaintiff, and other employees similarly situated, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to the following: menus, napkins, utensils, salads, sandwiches, desserts, fruit juices, coffees, pastries, pastas, pizzas, appetizers, various drinks, computers, cash registers, and other restaurant related items.

22. Defendant, NCI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, NCI's business an enterprise covered by the FLSA.

23. Upon information and belief, Defendant, NCI, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

24. During all material times hereto, Plaintiff was a non-exempt employee of Defendants NCI, and SOYKA, within the meaning of the FLSA.

25. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of NCI; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

## PLAINTIFF'S WORK FOR DEFENDANTS

26. In or about 2007 Plaintiff, DOWNING, began working for Defendants as a non-exempt employee and assisted with restaurant and bar-related services, and has continued to do so as of the date of the filing of this lawsuit.

27. Plaintiff, and all others similarly situated, were economically dependent upon Defendants, NCI and SOYKA, for their work and were subject to the control of these Defendants during all pertinent time periods of employment.

28. During her employment, Plaintiff, and all others similarly situated, often worked in excess of forty (40) hours per week.[1]

29. During one or more times of her employment, Defendants failed to properly compensate Plaintiff, and all others similarly situated, for her overtime hours worked.

30. Indeed, Defendants failed to pay Plaintiff, and all others similarly situated, at the statutorily prescribed overtime rate of time-and-one-half her regular hourly rate for all hours worked in excess of forty (40) per week.

31. The wage violations committed by Defendants were willful and/or intentional, as Defendants knew of the overtime requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff and all others similarly situated in accordance with such requirements.

32. Defendants, NCI and SOYKA, hired Plaintiff to work, controlled the hours worked and responsibilities and duties performed by Plaintiff, and are jointly and severally liable for the FLSA violations alleged herein.

33. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

---

[1] Defendant operates its café 24 hours a day.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against all Defendants)**

34. Plaintiff re-alleges and re-avers Paragraphs 1 through 33 as though set forth fully herein.

35. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

36. For one or more weeks during the time period relevant to this lawsuit, Plaintiff, and all others similarly situated, worked in excess of forty (40) hours per week for which they were not properly compensated.

37. Plaintiff, and all others similarly situated, are entitled to recover statutorily prescribed federal overtime wages at a rate of time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

38. Plaintiff therefore claims the time-and-a-half rate for each hour worked in excess of forty (40) per week.

39. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew or should have known of the FLSA's overtime requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

40. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, NORMA DOWNING, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, NEWS CAFE, INC., ("NCI"), and MARK SOYKA ("SOYKA"), and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, NEWS CAFE, INC., ("NCI"), and MARK SOYKA ("SOYKA"), jointly and severally; (b) all reasonable attorney's fees and litigation costs as

permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, NORMA DOWNING, requests and demands a trial by jury on all appropriate claims.

**Dated this 20th day of February 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 20, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**